**NOT FOR PUBLICATION**

DEC 11 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUBIT ANABELI ZUNIGA AGUIRRE, | No. 11-72789 |
| Petitioner, | Agency No. A070-920-604 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Rubit Anabeli Zuniga Aguirre, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' order dismissing her

appeal from an immigration judge's decision denying her application for special

rule cancellation of removal under the Nicaraguan Adjustment and Central

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

American Relief Act ("NACARA"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, including due process claims. *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's factual determination that Zuniga Aguirre is not eligible for NACARA relief. *See Ixcot v. Holder*, 646 F.3d 1202, 1213-14 (9th Cir. 2011) (the court is precluded from reviewing the agency's factual determination that an immigrant is ineligible for special rule cancellation of removal under NACARA).

We also lack jurisdiction to consider Zuniga Aguirre's contention that under *Chaly-Garcia v. United States*, 508 F.3d 1201 (9th Cir. 2007), the asylum application she allegedly filed in May 1990 should qualify her for benefits under the *ABC* settlement agreement, because she failed to raise this contention before the agency, and thereby failed to exhaust her administrative remedies. *See Barron*, 358 F.3d at 678.

Zuniga Aguirre's claim that she was not given an opportunity to testify regarding her eligibility for NACARA relief is unavailing where she was given such an opportunity during her removal proceedings. *See Lata v. INS*, 204

F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process

claim).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**